**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JANICE LEGETTE - EDWARDS,**

|                          |                   |
|--------------------------|-------------------|
|         **Plaintiffs,**  | **5:06-CV-892**   |
| **v.**                   | **(NAM/DEP)**     |

**CITY OF SYRACUSE, SYRACUSE POLICE**
**DEPARTMENT, JOHN GOSSIN and GARY**
**MIGUEL, Individually and in their capacity**
**as City of Syracuse Police Officers,**

                          **Defendants.**

_____

| APPEARANCES:                        | OF COUNSEL:              |
|-------------------------------------|--------------------------|
| LAW OFFICE OF MARK DAVID BLUM       | Mark David Blum, Esq.    |
| P.O. Box 82                         |                          |
| Manlius, New York 13104             |                          |
| *Attorney For Plaintiff*            |                          |
|                                     |                          |
| RORY A. MCMAHON                     | James P. McGinty, Esq.   |
| Corporation Counsel for the City of Syracuse | Asst. Corporation Counsel |
| 300 City Hall                       |                          |
| Syracuse, New York 13202            |                          |
| *Attorney For Defendants*           |                          |

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM DECISION AND ORDER

## I.    INTRODUCTION

The present case arises from the arrest of plaintiff Janice Legette-Edwards on April 24,

2005, in the City of Syracuse.  Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988

claiming violations of her fourth, fifth, and fourteenth amendment rights.

Defendants moved, pre-answer, for dismissal of plaintiff's complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 10)  Plaintiff submitted opposition to

the motion to dismiss and cross-moved pursuant to Fed. R. Civ. P. 15(a) to amend the complaint.

(Dkt. No. 12).  Based thereupon, defendant's motion to dismiss the original complaint is moot.

## II.     FACTUAL BACKGROUND

In her proposed amended complaint, plaintiff, who is black, alleges that at approximately

12:00 p.m. on April 24, 2005, she was taken into physical custody by defendant, City of Syracuse

Police Officer Gossin (Gossin).  Prior to her arrest, the plaintiff was present while the police were

issuing a traffic summons to her nephew.  According to the plaintiff, the defendant Gossin "beat"

her during the arrest.  It is alleged that Gossin forcefully and repeatedly "slammed her head

against the car window," twisted her arm and put handcuffs on the plaintiff in a manner that

caused her pain.  The plaintiff was taken to the "justice center" and held without bail.  She claims

that although she was seriously injured, she was denied medical assistance.  While in custody,

plaintiff discovered that she was accused of "hit[ting] a cop."  She was charged with disorderly

conduct.

The plaintiff originally filed her complaint *pro se* and asserted various causes of action

against the City of Syracuse, Syracuse Police Department, John Gossin, and Gary Miguel both

individually and in their capacity as City of Syracuse Police Officers.  The plaintiff is now

represented by counsel as a Notice of Appearance was filed with the Court on January 2. 2007.

(Dkt. No. 11).  A proposed amended complaint has been annexed as an exhibit to the plaintiff's

cross-motion.  The amended complaint contains an amended caption which asserts causes of

action against the City of Syracuse, Gary Miguel as Chief of the City of Syracuse Police

Department and John Gossin in his official and individual capacity.

## III.    DISCUSSION

A.     Applicable Legal Standards

The clear language of Fed. R. Civ. P. 15(a) provides in relevant part: "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." *Best Payphones, Inc. v. City of New York*, 2006 WL 845506, at \*2 (E.D.N.Y. 2006). When a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief. *See Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991).

Under Rule 12(b)(6) of the Fed. R. Civ. P., the must Court accept as true all of the factual allegations in the proposed amended complaint and draws inferences from those allegations in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir. 1997). Denial of the motion to amend is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims". *Todd v. Exxon Corp*., 275 F.3d 191, 198 (2d Cir. 2001).

It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Kramer v. Time Warner, Inc*., 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). The court may consider "any written instrument attached to [the complaint] as an

3

exhibit or any statements or documents incorporated in it by reference". *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

B.      Plaintiff's Claims Against the City of Syracuse Police Department

Under New York law, a city is a municipal corporation capable of bringing suit and being sued. *See* N.Y.Gen. Mun. Law § 2.  A police department is an administrative arm of the municipal corporation. *Loria v. Town of Irondequoit*, 775 F.Supp. 599, 606 (W.D.N.Y. 1990). Since plaintiff sues the City of Syracuse, any claim against the City of Syracuse Police Department is redundant.

C.      Plaintiff's *Monell* Claims Against the City of Syracuse

Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States. *See* 42 U.S.C. § 1983; *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  Section 1983 creates no substantive rights; rather it provides a mechanism whereby the deprivation of rights established elsewhere may be redressed. *See id.*  There is no *respondeat superior* liability against a municipality under 42 U.S.C. § 1983 for conduct by employees below the policymaking level. *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691 (1978).  To establish liability against a municipality for conduct by employees such as police officers, a plaintiff must show that the claimed constitutional violation resulted from a municipal custom or policy. *Id.*   "The inference that a policy existed may ... be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges that police officers had used excessive force in violation of the complainants' civil

4

rights." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citations omitted); *accord Thomas v. Roach*, 165 F.3d 137, 145 (2d Cir. 1999); *Fiacco v. City of Rensselaer*, 783 F.2d 319, 328  (2d Cir. 1986).  Plaintiff must demonstrate a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation",  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989), and that the municipal policy was the "'moving force [behind] the constitutional violation.'"  *Id*. at 389 (quoting *Monell*, 436 U.S. at 694). "[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference . . . ."  *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

A claim for failure to train will result in municipal liability only where the failure to train amounts to deliberate indifference to the rights of those with whom the state officials will come into contact.  *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998).  The Second Circuit has articulated three requirements that must be met to demonstrate "deliberate indifference" in the context of a failure to train claim. *See Green v. City of New York*, 465 F.3d 65, 80-81 (2d Cir. 2006) (quoting *Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992)).   To support such a claim, a plaintiff must show:  (1) that a policymaker of the municipality knows to a moral certainty that its employees will confront a given situation;  (2) that the situation either presents the employee with a difficult choice of the type that training will make less difficult or that there is a history of employees mishandling the situation;  and (3) that the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights.  *Young v. County of Fulton,* 160 F.3d 899, 903-04 (2d Cir. 1998); *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992).

Deliberate indifference can be proven with evidence that the municipality was given notice of the possibility that its employees were violating citizens' constitutional rights, and failed to make any meaningful investigation into the charges or failed to discipline subordinates who violated civil rights. *Carbajal v. County of Nassau*, 271 F.Supp.2d 415, 422 (E.D.N.Y. 2003) (citing *DeCarlo v Fry*, 141 F.3d 56, 61 (2d Cir. 1998)); *see also Vann v. City of N.Y.*, 72 F.3d 1040, 1049 (2d Cir. 1995). On the other hand, the plaintiff must produce some evidence from which it can be inferred that the municipality has such a custom or practice. *Dwares*, 985 F.2d at 100; *Walker*, 974 F.2d at 300. Mere conclusory allegations are insufficient when unsupported by facts showing that policymakers were aware of the constitutional violations and failed to properly respond. *Dwares*, 985 F.2d at 100.

Plaintiff's proposed amended complaint alleges, *inter alia*, that within the City of Syracuse and the Syracuse City Police Department "there exists a policy or custom . . . to fail to train and supervise street officers in their enforcement of the laws; to wit, the Department has a policy of overlooking, excusing, and disregarding illegal behavior by street officers as same is targeted against members of the African American Community." The plaintiff further alleges in her proposed amended pleading that "the City of Syracuse disproportionately target[s] African Americans" and that "[f]acts presented by officers are presumed true and the end result is nearly always a denial of wrongdoing." "Bearing in mind that the task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof," plaintiff's *Monell* allegations are sufficient to survive a motion to dismiss. *Hill v. City of New York,* 2006 WL 2347739, at *4 (S.D.N.Y. 2006) (*citing Gashi v. County of Westchester*, 2005 WL 195517, at *15 (S.D.N.Y. 2005) (internal citations and quotation marks omitted).

6

C.      Plaintiff's Claims Against Gossin and Miguel, in their Official Capacities

With regard to the individual defendants, to the extent that they are being sued in their

official capacities, the claims against them are duplicative of the *Monell* claim against the City.

*See Tsotesi v. Bd. of Educ.*, 258 F.Supp.2d 336, 338 n.10 (S.D.N.Y.2003) (citing *Kentucky v.*

*Graham*, 473 U.S. 159, 165-66 (1985)); *see also Monell*, 436 U.S. at 691 (holding that

"official-capacity suits generally represent only another way of pleading an action against an

entity of which an officer is an agent"); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985)

(holding that "an official capacity suit is, in all respects other than name, to be treated as a suit

against the [municipal] entity...."). Therefore, the claims against the individual defendants in

their official capacities as set forth in the proposed amended complaint would not survive a

motion to dismiss pursuant to Rule 12(b)(6) of the Fed. R. Civ. P..

D.      Plaintiff's Claims Against Gossin, Individually

"[T]o establish personal liability in a § 1983 action, it is enough to show that the official,

acting under color of state law, caused the deprivation of a federal right." *Aikman v. County of*

*Westchester*, 491 F.Supp.2d 374, 380 (S.D.N.Y. 2007) (quoting *Kentucky v. Graham*, 473 U.S.

159, 166 (1985)). Plaintiff alleges in the proposed amended complaint that the actions of

defendant Gossin were "willful, conscious and intentional and designed solely to deprive Plaintiff

of her rights to be free from sadistic and unprovoked violence upon her person while in police

custody and under arrest." She further claims that Gossin acted "unreasonably and illegally,

based on malice, ill will and spite and "[t]hat the near strangling of Plaintiff and the repeated

bashing of her head was excessive, objectively unreasonable, and unjustifiable under the

circumstances." The Court finds these allegations, though broad, are sufficient to survive a

motion for dismissal at this juncture.

On the other hand, there are no allegations of personal involvement made against Miguel, in his individual capacity, in the proposed amended complaint.  Thus, plaintiff cannot maintain an action against Police Chief Miguel as an individual defendant.

E.        Plaintiff's State Law Claims

Plaintiff asserts common law tort claims against the defendants for assault, battery and intentional infliction of emotional distress.  "Under New York law, '[a]n 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact.  A 'battery' is an intentional wrongful physical contact with another person without consent." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir.2001) (quoting *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir.1993)).

The plaintiff further asserts a claim for intentional infliction of emotional distress.  In order to assert a valid claim for intentional infliction of emotional distress ("IIED") under New York law, a plaintiff must demonstrate "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir.1996) (citing Howell v. N.Y. Post Co., 612 N.E.2d 699, 702 (N.Y.1993)).   "New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress." *Id*. (citation omitted).  The conduct alleged must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.' " *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985) (quoting *Fischer v. Maloney*, 373 N.E.2d 1215, 1217 (N.Y. 1978)).  However, public policy prohibits recovery for claims of intentional infliction of emotional distress against a

8

city or the State of New York.  *See Lauer v. City of New York*, 240 A.D.2d 543 (2d Dept. 1997); *Wheeler v. State of New York*, 104 A.D.2d 496, 479 N.Y.S.2d 244 (2d Dep't 1984).

Based upon Gossin's alleged conduct, it is possible that plaintiff could establish that his actions were intentional or deliberate and directed at causing harm which would rise to the level of actionable conduct in relation to the subject assault.  *Aiken v. Nixon*, 236 F.Supp.2d 211, 240 (N.D.N.Y. 2002) (citing *Crespi v. Ihrig*, 99 A.D.2d 717, 718 (1st Dept.1984), *aff'd*, 63 N.Y.2d 716 (1984).  However, plaintiff is only entitled legally to pursue her state law tort claims as against Gossin, individually.

IV.    **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss the complaint herein is DENIED as moot; and it is further

**ORDERED** that plaintiff's cross-motion to file an amended complaint is GRANTED in part and DENIED in part.  To wit, plaintiff will be permitted to file the proposed amended complaint insofar as it makes claim under 42 U.S.C. § 1983 against the City of Syracuse and defendant Gossin in his individual capacity.  Plaintiff's proposed amended complaint will also be accepted by the Court insofar as it contains state law claims of assault, battery and intentional infliction of emotional distress against defendant Gossin in his individual capacity.  The Court finds that the balance of the claims raised in the proposed amended complaint are not legally sufficient pursuant to Fed. R. Civ. P. 12 (b)(6).  Based thereupon, plaintiff's cross-motion to file the proposed amended complaint against the City of Syracuse Police Department, Chief Gary Miguel, and Officer Gossin in his official capacity is DENIED.  Plaintiff's cross-motion to amend

the complaint to include a claim of intentional infliction of emotional distress under New York

State law is also DENIED; and it is further

**ORDERED** that plaintiff must file the amended complaint which complies with the

directives of this Memorandum Decision and Order on or before October 10, 2007.

**IT IS SO ORDERED**.

**Dated:  September 28, 2007**

Norman A. Mordue
Chief United States District Court Judge

10